Per Curiam.

This plan seems to be in accord with the federal plan of control as prescribed in the National Gas Act of 1938 (Title 15, Section 717, U. S. Code), and as stated in Public Utilities Commission of Ohio v. United Fuel Gas Co., 317 U. S., 456, 467, “Congress meant to create a comprehensive scheme of regulation which would be complementary in its operation to that of the states, without any confusion of functions. The Federal Power Commission would exercise jurisdiction over matters in interstate and foreign commerce * * * and local matters would be left to the state regulatory bodies.”
Appellants contend that the proceeding under Section 4905.-40 et seq., Revised Code, relative to the issuance of securities by Columbia Gas of Ohio, and the proceeding under Section 4905.48, Revised Code, relative to transactions between the two utility companies, are separate proceedings, and that the commission was in error in not holding separate hearings on the joint application. This court does not agree with that contention. There is no statutory prohibition against a joint application or a joint hearing in such a case.
Appellants contend that the commission’s order is violative of Section 4905.62, Revised Code, which provides that no franchise or right to own, operate or manage a gas company “shall be granted or transferred to any corporation not incorporated under the laws of this state.” Columbia of Ohio is a gas company incorporated under the laws of this state. The fact that the Columbia Gas System, Inc., will eventually own all the stock of Columbia of Ohio is not a matter within the purview of that section.
Appellants contend further that the order of the commis *64 sion is unlawful because, under Section 4905.48, Revised Code, Ohio Fuel cannot be lawfully authorized to sell only a part of its property, and that Columbia of Ohio cannot lawfully be authorized to purchase public utility property because it is not now engaged in the business of a public utility. These contentions are without merit. Section 4905.48, Revised Code, authorizes a utility to “purchase or lease the property * * * of any other such public utility and to sell or lease its property,” without limitation as to all or any part thereof. Section 4905.63, Revised Code, provides that “companies formed to acquire property or to transact business which would be subject to Chapters * * * 4905 * * * of the Revised Code, * * * are subject to such chapters, although no property has been acquired * * * or no franchise has been exercised by them. ’ ’ This clearly permits the acquisition of public utility property by Columbia of Ohio before it actually engages in or conducts a business of a public utility.
An examination of the record discloses nothing to establish that the realignment of these corporations as approved by the commission would be unlawful or detrimental to the public interest.
The order of the Public Utilities Commission, being neither unlawful nor unreasonable, is affirmed.

Order affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Brown, JJ., concur.
Brown, J., of the Seventh Appellate District, sitting by designation in the place and stead of Gibson, J.